UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC T. BOLTON,<br><br>                                  Petitioner,<br><br>          -against-<br><br>ACTING WARDEN RAMOS,<br><br>                                  Respondent. | 1:23-CV-10657 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated in the Federal Correctional Institution Danbury, in Danbury, Connecticut, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge the execution of his federal sentence by the Federal Bureau of Prisons. He filed his petition while incarcerated in the federal Metropolitan Detention Center, in Brooklyn, Kings County, New York ("MDC Brooklyn"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Thus, *habeas corpus* jurisdiction to consider such a petition challenging a petitioner's physical confinement generally lies in the United States District Court for the federal judicial district where the petitioner's custodian is located, which is usually the federal judicial district where the petitioner is confined, at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441-43 (2004). Petitioner filed his petition while incarcerated in MDC Brooklyn, which is located in Brooklyn, Kings County, New York, within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, in the interest of justice, the Court

transfers this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   December 15, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge