UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ERIC T. BOLTON,                                  :
                                                 :
                              Petitioner,       :
                                                 :         MEMORANDUM AND
       -against-                              :         ORDER
                                                 :
ACTING WARDEN RAMOS,                             :         No. 23-CV-09539-JRC
                                                 :
                              Respondent.      :
                                                 :
-------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

        Petitioner Eric T. Bolton ("Petitioner"), proceeding *pro se* and *in forma pauperis*, brings this petition (the "Petition") against Acting Warden Ramos ("Respondent") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Dkt. 1 ("Pet."). Petitioner challenges Respondent's failure to respond to Petitioner's request to be placed in a residential reentry center ("RRC") or home confinement ("HC"). *See* Pet. at ECF page[1] 3. Respondent urges this Court to deny the Petition as moot because Petitioner is no longer in custody or, in the alternative, to deny the Petition on the grounds that Petitioner failed to exhaust his administrative remedies. *See* Mem. in Opp'n to Pet. for Writ of Habeas Corpus ("Opp."), Dkt. 11. The parties have consented to the undersigned's disposition of the Petition. *See* Dkt. 13.

        For the following reasons, the Petition is denied as moot.

## BACKGROUND

        The following facts are drawn from the Petition and public records of which the Court may take judicial notice. *See Aurecchione v. James*, No. 22-CV-3323, 2023 WL 1472782, at *1

---

[1] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

(S.D.N.Y. Jan. 11, 2023), *report and recommendation adopted*, 2023 WL 1471886 (S.D.N.Y. Feb. 2, 2023); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings." (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))).

Petitioner was arrested on April 8, 2016, on narcotics charges. *See United States of America v. Eric Bolton*, No. 16-CR-00372 (S.D.N.Y.) ("Bolton I"). On or about March 6, 2017, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute crack cocaine and MDMA (Count 1), and possession of a firearm during and in relation to a drug trafficking crime (Count 2). *See* Bolton I Minute Entry dated Mar. 6, 2017; Bolton I Superseding Information, Dkt. 197; Bolton I Waiver of Indictment, Dkt. 198. Thereafter, on or about June 13, 2018, Petitioner was sentenced to time served and five years of supervised release. *See* Bolton I Judgment dated June 14, 2018, Dkt. 203.

On or about April 18, 2022, law enforcement officers searched Petitioner's apartment and found a firearm. *See* Complaint, *United States of America v. Eric Bolton,* No. 22-CR-00330 (S.D.N.Y.) ("Bolton II"), Dkt. 1. On June 2, 2022, Petitioner was arrested and charged with violating the terms of his supervised release and being a felon in possession of a firearm. *See* Bolton II Minute Entry dated June 2, 2022. In Bolton II, Petitioner pleaded guilty to the charge in the indictment (felon in possession of a firearm) and, on August 1, 2023, was sentenced to 27 months of imprisonment followed by three years of supervised release. *See* Bolton II Minute Entry dated Mar. 22, 2023; Bolton II Indictment, Dkt. 5; Bolton II Minute Entry dated Aug. 1, 2023. Petitioner also admitted to violating two conditions of his supervised release in Bolton I and received a two-month sentence—to run consecutive to the sentence imposed in Bolton II—

for those violations. *See* Bolton I Minute Entry dated Aug. 1, 2023; Bolton I Judgment dated Sept. 26, 2023, Dkt. 225.

Petitioner, proceeding *pro se* and *in forma pauperis*, commenced this action on December 5, 2023, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") in the Southern District of New York. *See generally* Petition, Dkt. 1. On December 28, 2023, the Petition was transferred to this Court. *See id.* At the time the Petition was filed, Petitioner was in custody at the Metropolitan Detention Center ("MDC") in Brooklyn. *See* Pet. at ECF page 1. Petitioner challenges Respondent's lack of response to his request to be placed in a residential reentry center or home confinement. *See id.* at ECF page 3. Petitioner appealed this issue to the MDC on October 5, 2023, complaining that "[u]nder 18 U.S.C. [§] 3621 and my approaching [Bureau of Prisons] release date my case manager is in violation for failing to [begin] reviewing my case for RRC/HC under FSA & SCA which should have been done without delay." *Id.* at ECF pages 3–4. Petitioner did not file a second appeal because the "Warden or Regional Director [did not] respond to my first appeal" and "[b]y the time [a] response comes back from the regional director I would be way over due to be placed in RRC/HC." *Id.* at EFC page 4. Petitioner gives the following reasons as grounds for his Petition:

(1) 28 C.F.R. § 542.18 Response Time (Warden and/or CCM "[did not] respond back in the set amount of time required by law");

(2) "[Bureau of Prison ("BOP")] Officials violated 18 U.S.C. [§] 3632(d)(4)(C) by denying plaintiff placement in RRC or HC";

(3) "Petitioner is 'being held in violation' of his rights under the 'Second Chance Act'"; and

3

(4) "BOP has failed to care for me while in their custody" because Petitioner was "not . . . able to be seen by dental, medical or psych or any care while in [BOP] custody."

Pet. at ECF pages 8–10.

Petitioner asks this Court to "[a]ssist with release to [a] halfway house or home [c]onfinement & [c]alculation of First Step Act & Second Chance [Act] [c]redits." *Id.* at ECF page 11. Petitioner was released from BOP custody on May 10, 2024.[2]

On September 20, 2024, the Court ordered Respondent to answer the Petition. *See* Order to Show Cause, Dkt. 7. On November 21, 2024, Respondent filed a memorandum of law and a supporting declaration with exhibits in opposition to the Petition. *See* Opp., Dkt. 11. Petitioner did not file a reply. *See* Order dated Apr. 8, 2025.

## LEGAL STANDARDS

### A. Habeas Petitions Under 28 U.S.C. § 2241

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). "Execution of a sentence includes matters such as 'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers,* type of detention and prison conditions.'" *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (quoting *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001)). "[T]he petitioner bears the burden of proving, by a preponderance of the evidence, that he is being held in violation 'of the Constitution or laws or

---

[2] A search for "Eric Bolton" (Register # 77347-054, *see* Pet. at ECF page 1) in the BOP's Federal Inmate's By Number database indicates that Petitioner is no longer in custody and was released on May 10, 2024. *See* Find an Inmate, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 14, 2025).

treaties of the United States[.]'" *Skaftouros v. United States*, 667 F.3d 144, 163 (2d Cir. 2011) (quoting 28 U.S.C. § 2241(c)(3)).

### B. *Pro Se* Pleadings

"A *pro se* habeas petition must be afforded a liberal construction." *Bullock v. Reckenwald*, No. 15-CV-5255, 2016 WL 5793974, at *7 (S.D.N.Y. Aug. 24, 2016), *report and recommendation adopted*, 2016 WL 5719786 (S.D.N.Y. Sept. 30, 2016); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." (internal quotation marks and citation omitted)). However, "[a]lthough [the Court] accord[s] filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." *Ho-Shing v. Budd*, 771 F. App'x 79, 80 (2d Cir. 2019).

## DISCUSSION

Respondent urges this Court to dismiss the Petition as moot or, in the alternative, to deny the Petition on the grounds that Petitioner failed to exhaust his available administrative remedies prior to filing the Petition. *See* Opp. at 4–8.

"Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts to those cases that present a 'case or controversy.'" *United States v. Probber*, 170 F.3d 345, 347 (2d Cir. 1999) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999).

"Federal habeas corpus jurisdiction exists only if the petitioner is 'in custody[.]'" *Aurecchione*, 2023 WL 1472782, at *3 (quoting 28 U.S.C. § 2254(a)).[3] Thus, "[w]here a federal habeas corpus petitioner has completed his sentence, the court must evaluate whether the petition has become moot." *Aurecchione*, 2023 WL 1472782, at *4; *see Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) ("Unlike the 'in custody' requirement, mootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding."). "Once a [petitioner] has completed his sentence, 'some concrete and continuing injury other than the now-ended incarceration or parole—[namely,] some collateral consequence of the conviction— must exist if the suit is to be maintained.'" *United States v. Santiago*, No. 20-3845, 2023 WL 3477155, at *1 (2d Cir. May 16, 2023) (second alteration in original) (quoting *Spencer*, 523 U.S. at 7); *see*, *e.g.*, *Yung v. Rikers Island Prison Warden of OBCC*, No. 24-CV-5747, 2024 WL 4708709, at *2 (E.D.N.Y. Oct. 7, 2024) (dismissing, as moot, a petition for a writ of habeas corpus where petitioner sought "immediate release" from Rikers Island but was "by his own admission, no longer detained on Rikers Island"); *see also Sokolov v. Holder*, No. 13-CV-947, 2013 WL 12377011, at *2 (S.D.N.Y. Aug. 13, 2013) ("Courts in this Circuit have held that a petitioner's release from custody generally moots a habeas petition challenging that custody."). "The burden is on the petitioner to 'demonstrate concrete injury-in-fact to survive dismissal as a result of his release from custody.'" *Aurecchione*, 2023 WL 1472782, at *4 (quoting *Johnson v. Levine*, No. 00-CV-8402, 2001 WL 282719, at *1 (S.D.N.Y. Mar. 21, 2001)).

---

[3] The "in custody" requirement covers not only incarceration, but also individuals who are serving some form of supervised release. *See Carrenard v. United States*, No. 21-CR-0506, 2024 WL 4238704, at *1 n.1 (S.D.N.Y. Sept. 19, 2024) ("[T]he release of a prisoner to complete a term of post-release supervision does not render a habeas petition moot, since the conditions of supervised release satisfy the custody requirement of § 2241 and § 2255.").

Respondent argues that Petitioner's release from BOP custody renders the Petition moot. *See* Opp. at 4–6. Specifically, Respondent argues that the relief Petitioner seeks—that the Court "[a]ssist with release to [a] halfway house or home [c]onfinement & [c]alculation of First Step Act & Second Chance [Act] [c]redits"—is no longer needed because Petitioner is no longer at the MDC or in BOP custody. *See id.* at 3–4. Respondent acknowledges that the release from custody does not necessarily moot a petition for a writ of habeas corpus where "there remains 'some concrete and continuing injury' despite the release." *Id.* at 5 (quoting *Spencer*, 523 U.S. at 7). However, Respondent maintains that in this instance no such concrete or continuing injury remains following Petitioner's release. *Id.* This Court agrees.

Although Petitioner was in custody when he filed the Petition, *see* Pet. at ECF page 1, "mootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding." *Nowakowski*, 835 F.3d at 217. Petitioner fails to point to any concrete or continuing injuries that persist after his release. The relief that Petitioner seeks—that the Court "[a]ssist with release to [a] halfway house or home [c]onfinement & [c]alculation of First Step Act & Second Chance [Act] [c]redits," *see* Pet. at ECF page 11—is no longer a form of relief that this Court can provide given Petitioner's release from BOP custody.[4] *See Thomas v.*

---

[4] Petitioner also alleges that BOP failed to care for him while he was in custody and that he did not receive dental, medical, or psychological care while in BOP custody. *See* Pet. at ECF page 10 (alleging that "BOP has failed to care for me while in their custody" because Petitioner was "not . . . able to be seen by dental, medical or psych or any care while in [BOP] custody"). However, Petitioner fails to request any corresponding relief. To the extent Petitioner seeks injunctive relief with respect to his medical care while in custody, this request is now moot because he is no longer in BOP custody. To the extent Petitioner seeks declarative relief, the Court may not grant such relief absent a live case or controversy. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 178 (E.D.N.Y. 2022) ("Since the demand for injunctive relief is moot, so too is Petitioner's request for declaratory relief."); *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 403 (S.D.N.Y. 2012) ("[C]ourts may not entertain actions for declaratory judgment 'when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action.'" (quoting *Flast v. Cohen,* 392 U.S. 83, 95 (1968))); *see also Chocho v. Shanahan*, 308 F. Supp. 3d 772, 773 (S.D.N.Y. 2018).

7

*Martinez*, No. 21-CV-5623, 2023 WL 8653997, at *3 (E.D.N.Y. Dec. 14, 2023) ("The Petition sought only injunctive relief—either immediate release from the MDC, or, in the alternative, modification of his record to account for additional earned time credits that would shorten the length of his imprisonment. Thus, because [petitioner]'s release from MDC means that he has already received the relief he requested, . . . ; there is no longer a live case or controversy for which any relief could be granted, and dismissal of the Petition is proper[.]" (citation omitted)); *Baez v. Tellez*, No. 21-CV-04760, 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023) ("Although [petitioner] was in federal custody at the MDC when he filed the Petition, he has since been released, and his sentence of imprisonment has fully expired. . . . Thus, because [petitioner]'s release from MDC means that he has already received the relief he requested, . . ., there is no longer a live case or controversy for which any relief could be granted, and dismissal of the Petition is proper[.]" (citation omitted)).

Here, the relief Petitioner seeks "can no longer be given or is no longer needed" because Petitioner has already been released. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). The Court finds the Petition moot. Therefore, there is no longer a live case or controversy and this Court lacks subject matter jurisdiction over the Petition.[5] In light of the

---

[5] This Court also notes that with respect to Petitioner's original request that the Court "[a]ssist with release to [a] halfway house or home [c]onfinement," the decision whether to release an inmate to a residential reentry center under the Second Chance Act ("SCA") is within the sole discretion of the BOP. *See Levine*, 455 F.3d at 83 ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."); *Bennett v. Terrell*, No. 10-CV-1029, 2010 WL 1170134, at *1 (E.D.N.Y. Mar. 24, 2010) ("[T]he Court has no authority to order that a convicted defendant be confined in a particular facility . . . those decisions are within the sole discretion of the Bureau of Prisons" (internal quotation marks and citation omitted)); *see also Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("[T]he BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC." (internal quotation marks and citation omitted)); *Miller v. Warden*, No. 24-CV-01500, 2025 WL 401154, at *2 (D. Conn. Jan. 14, 2025) ("As prerelease custody 'placement under the SCA is within the sole discretion of BOP[,]' Petitioner has no right to relief from this Court under the SCA." (alteration in original) (quoting *Fall v. Stover*, No. 24-CV-1176, 2024 WL 4564605, at *2 (D. Conn. Oct. 24, 2024))).

8

Court finding the Petition moot, the Court need not consider Respondent's alternative argument that Petitioner failed to exhaust his administrative remedies.

## CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot. The Clerk of Court is directed to enter judgment, mail a copy of this Memorandum and Order to Petitioner at his address of record, and close this case.

**SO ORDERED**

Dated: Brooklyn, New York
July 14, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge
